IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AYYAKKANNU MANIVANNAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-297 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 75 |
| U. S. DEPARTMENT OF ENERGY, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| AYYAKKANNU MANIVANNAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-828 |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

Plaintiff Ayyakkannu Manivannan ("Manivannan") has filed a Motion for Reconsideration of the Order of Court dated October 7, 2020, ECF No. 74, granting the Motion to Dismiss filed on behalf of Defendants the U.S. Department of Energy ("DOE") and the United States of America (collectively, "Defendants"). ECF No. 75. Manivannan contends that reconsideration is warranted to correct the Court's factual and legal errors. ECF No. 77. For the following reasons, the Court denies the motion.

I.       **PROCEDURAL HISTORY**[1]

This action is one of several lawsuits filed by Manivannan arising out of the DOE's employee disciplinary and removal proceedings. In this case, Manivannan seeks an award of compensatory and injunctive relief against the DOE for alleged violations of the Privacy Act of 1975 ("Privacy Act"), 5 U.S.C. § 552a, during and following a concurrent state criminal investigation of workplace misconduct. Manivannan also brings negligence and intentional tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, for the DOE's alleged invasion of his privacy, intentional infliction of emotional distress, failure to amend personnel records, and failure to return personal property after he resigned in lieu of termination. ECF No. 59.

The DOE moved to dismiss the Consolidated Second Amended Complaint raising the lack of subject matter jurisdiction over Manivannan's claims and, alternatively, for failure to state a claim upon which relief can be granted. ECF No. 63. The Court granted the Motion to Dismiss.[2] ECF No. 73. Manivannan timely filed the pending Motion for Reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure. ECF No. 75. The DOE has filed a Response in Opposition to Plaintiff's Motion for Reconsideration. ECF No. 78. The motion is now ripe for consideration.[3]

---

[1] The factual background is set forth in the Court's Opinion on the Motion to Dismiss the Consolidated Second Amended Complaint. ECF No. 73. Thus, the Court does not recount the facts here.

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF Nos. 58 and 62.

[3] On November 4, 2020, Manivannan timely filed the pending Motion for Reconsideration from the Court's October 7, 2020 Order. On December 4, 2020, Manivannan followed with the filing of a Notice of Appeal to the United States Court of Appeals for the Third Circuit. This Court

## II.     STANDARD OF REVIEW

Motions for reconsideration are appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café *ex rel.* Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). To succeed on a motion for reconsideration, the movant must show that one or more of the following circumstances exist: (1) an intervening change in the controlling law; (2) new evidence is available that was unavailable when the court made the prior decision; or (3) there is a need to correct a manifest injustice or a clear legal or factual error in the prior decision. U.S. *ex rel.* Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848–49 (3d Cir. 2014).

A court may not grant a motion for reconsideration when the motion simply restyles or rehashes issues previously presented. Pahler v. City of Wilkes Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001); see also Carroll v. Manning, 414 F. App'x. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof that appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and Grigorian v. Attorney General of U.S., 282 F. App'x. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked …. It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because

---

retains jurisdiction over this matter to consider the pending Motion for Reconsideration.  See F.R.A.P. 4(a)(4)(A)(iv); and see ECF No. 81 (Order staying appeal).

federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Rossi v. Schlarbaum, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

### III.  DISCUSSION

Manivannan moves for reconsideration on the basis that the Court made three legal errors and at least one factual error: (1) the Court's opinion effectively reads federal statutory rights, including those provided in the Privacy Act, out of existence for federal employees; (2) the Court overlooks precedential opinions applying the Privacy Act to claims by federal employees; (3) the Court erred in holding that jurisdiction for Manivannan's claims is available in the Federal Circuit; and (4) the Court erred in stating that a DOE Management Directed Inquiry determined that "Manivannan conducted an inappropriate sexual relationship with an intern and then stalked and otherwise physically and psychologically abused her when she tried to end the relationship." ECF No. 77 at 3-4 (citing ECF No. 74 at 1-3). The Court will address each alleged error in turn.

#### 1. Federal Employee Statutory Rights

Manivannan mischaracterizes the Court's Opinion and posits that the Court "applies a 'but-for' test to determine CSRA preclusion." In recasting the Court's ruling, he argues,

> If a current or former employee's statutory claim would not have arisen but for his at some point deciding to accept employment with the federal government, then that employee's claim is precluded by the CSRA.

ECF No. 77 at 5. Manivannan misstates the Court's holding, certainly not novel, that the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1201, provides the exclusive vehicle to remedy claims arising out of agency disciplinary or termination proceedings or resulting from retaliation for whistleblowing activities. See, e.g., U.S. v. Fausto, 484 U.S. 439, 446 (1988) ("[Chapter 23 of the CSRA] forbids an agency to engage in certain 'prohibited personnel practices,' including unlawful discrimination, coercion of political activity, nepotism, and reprisal against so-called

4

whistleblowers. § 2302."). Furthermore, guiding precedent cautions against permitting a disciplined federal employee from splitting claims unrelated to unlawful discrimination arising out such proceedings.

> In both Elgin v. Department of Treasury, 567 U.S. 1, 132 S. Ct. 2126, 183 L. Ed. 2d 1 (2012), and United States v. Fausto, 484 U.S. 439, 108 S. Ct. 668, 98 L. Ed. 2d 830 (1988), we rejected employees' attempts to divide particular issues or claims among review forums. In Elgin, a federal employee opted not to seek review of an MSPB ALJ's decision, either before the full Board or in the Federal Circuit; he instead brought in District Court, in the first instance, a constitutional challenge to an agency personnel action. 567 U.S., at 7-8, 132 S. Ct. 2126. We concluded that an employee with civil-service claims must follow the CSRA's procedures and may not bring a standalone constitutional challenge in district court. Id., at 8, 132 S. Ct. 2126. In Fausto, a federal employee with CSRA claims filed an action in the United States Claims Court under the Back Pay Act of 1966. 484 U.S., at 443, 108 S. Ct. 668. We determined that the employee could not bring his action under the Back Pay Act because the CSRA provided "the comprehensive and integrated review scheme." See id., at 454, 108 S. Ct. 668 …. [n]either case indicated that the Federal Circuit, as opposed to district court, is the preferred forum for judicial review of all CSRA claims. Rather, both decisions emphasized the benefits of an integrated review scheme and the problems associated with bifurcating consideration of a single matter in different forums. See 567 U.S., at 13–14, 132 S.Ct. 2126, 484 U.S., at 444–445, 108 S.Ct. 668.

Perry v. Merit Sys. Protection Bd., ___ U.S. ___, 137 S. Ct. 1975, 1988 *n.* 12 (2017).

In Yu v. U.S. Dep't of Veterans Affairs, 528 F. App'x 181, 184 (3d Cir. 2013), a non-precedential opinion authored by Chief Judge Brooks D. Smith, the United States Court of Appeals for the Third Circuit held that judicial disposition of Bivens, Privacy Act, and APA claims "depends on whether our review of the defendants' misconduct alleged in these claims would be sufficiently distinct from review of personnel decisions under the Civil Service Reform Act. This Act provides an exclusive method for federal civil servants to obtain damages for personnel decisions for federal civil servants to obtain damages for personnel decisions that violate statutory, regulatory, or constitutional rights." Id. at 184 (citing, among others, Kleiman v. Dep't of Energy, 956 F.2d 335, 337-38 (D.C. Cir. 1992) ("This court has refused to allow the exhaustive remedial

5

scheme of the CSRA to be impermissibly frustrated … by granting litigants, under the aegis of the Privacy Act or otherwise, district court review of personnel decisions judicially unreviewable under the CSRA." (internal quotation marks and citation omitted)).  Thus, the Court's jurisdiction is foreclosed over alleged agency misconduct that "occurred only as a result of the employment relationship." Yu v. Dep't of Veterans Affairs, 528 F. App'x at 184-85.

Manivannan seeks to split his Privacy Act and Bivens claims from CSRA-covered personnel decisions but the origin of his claims precludes this action.  The CSRA applies to "disciplinary or corrective action" as well as "any other significant change in duties, responsibilities, or working conditions…." 5 U.S.C. § 2302(a)(2)(A). Alleged retaliation, in the form of cooperation with prosecutors investigating workplace misconduct or retention of contested property, amounts to a "significant change" in "working conditions." Fausto, 484 U.S. 439; Sarullo v. U.S. Postal Service, 352 F.3d 789, 795-96 (3d Cir. 2003).  The allegations in the Complaint and, most recently, in Manivannan's appeal to the Federal Circuit, confirm Manivannan's belief that the disputed conduct arose out of alleged retaliatory animus against him: "[i]n particular, the AJ did not systematically consider Manivannan's evidence of retaliatory motive or Manivannan's evidence that the Agency did not treat initiate (sic) the same personnel actions against other employees accused of harassment." Brief for Appellant, ECF No. 23-2 at 43-45, and 63, Manivannan v. Dep't of Energy (No. 20-1804) (Fed. Cir.) (filed Nov. 24, 2020). Under these circumstances, DOE's alleged misconduct arises "as a result of the employment relationship" and must be raised (as he has) pursuant to the exclusive remedial measures afforded by the CSRA.

### 2. Precedential Opinions Resolving Privacy Act Claims

Alternatively, Manivannan argues that the Court failed to consider Third Circuit decisions resolving federal employee Privacy Act and FTCA claims.  Despite this concern, the cases relied

on by Manivannan were reviewed by the Court and found to arise from the conduct of a non-employing agency or unrelated to agency termination and disciplinary proceedings, or to predate decisions of the United States Supreme Court and the Third Circuit concluding that absent a CSRA statutorily-authorized "mixed case" involving discrimination, claim splitting to avoid the CSRA is disfavored.[4]  See, generally, Fausto, Elgin, Perry, Sarullo, and Yu.  Accordingly, the existence of prior decisions recognizing a federal employee's right to commence a Privacy Act in district court does not warrant reconsideration.

### 3. Federal Circuit Jurisdiction

Manivannan contends that the Court improperly concluded that his claims may be considered in the Federal Circuit, "despite authority to the contrary and despite none of the parties to this litigation arguing as much."  ECF No. 77 at 3, 8-10.  For this proposition, Manivannan relies on the Merit Systems Protection Board ("MSPB") scope of review and the MSPB Administrative Judge's handbook, which states that the MSPB lacks jurisdiction to adjudicate Privacy Act claims. Id.  This argument presents no change in law or facts on which reconsideration properly rests. That said, as explained by the United States Supreme Court in Elgin, the MSPB's limited jurisdiction is of no moment where an employee has multiple claims arising out whistleblowing, employee discipline, or termination.  Elgin, 567 U.S. at 10.  While pursuing resolution of claims

---

[4] Spade v. United States, 763 F. App'x 294 (3d Cir. 2019) (FTCA claim arose from agency's disclosure of federal corrections officer's personal information to an inmate while responding to inmate's Freedom of Information Act request, unrelated to employee discipline or termination); Britt v. Naval Investigation Service, 886 F.2d 544 (3d Cir. 1989) (Privacy Act claim against non-employing agency for inter-agency disclosure to plaintiff's employer certain information related to pending criminal investigation; criminal proceeding was concluded and employing agency did not act to plaintiff's detriment based on information received); Quinones v. United States, 492 F.2d 1269 (3d Cir. 1974) (FTCA claim predated enactment of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., and the acknowledgment that "for federal employees seeking relief for violations of their federal statutory rights or money damages for violations of their constitutional rights, 'what you get under the CSRA is what you get,' even if the CSRA gives you no review at all."  Bridges v. Colvin, 136 F. Supp. 3d 620, 639 (E.D. Pa. 2015), aff'd sub nom. Bridges v. Comm'r Soc. Sec., 672 F. App'x 162 (3d Cir. 2016) (citing Fornaro v. James, 416 F.3d 63, 67 (D.C. Cir. 2005) (Roberts, J.)).

properly before the MSPB, a plaintiff may compile the necessary record and seek review of any remaining claims in the Federal Circuit. Thus, no legal error is apparent.

### 4. Stalking Claim

Manivannan also challenges the Court's statement that a DOE Management Directed Inquiry led to a finding that Manivannan violated workplace rules when he stalked and otherwise psychologically and physically harassed and abused an intern assigned to work with him. The basis for Manivannan's challenge appears to rely on the fact that the jury in his state criminal trial did not convict him of stalking.[5] ECF No. 77 at 3-4. Setting aside obvious differences in the burden of proof in a state criminal trial versus civil agency proceedings, the DOE's proposed notice of removal includes several charges, set forth in the MSPB initial decision, and speaks for itself. The MSPB decision also unequivocally concludes that "the agency showed it would have taken the same action [removal] by clear and convincing evidence." Ph.d, Ayyakkannu Manivannan, v. Dep't of Energy, No. PH-1221-18-0230-W-3, 2020 WL 1130149 (Mar. 4, 2020). This Court acknowledged that Manivannan denies the intern's allegations and disputes the MSPB and agency findings. Manivannan v. U.S. Dep't of Energy, No. CV 18-297, 2020 WL 5946876, at *1 (W.D. Pa. Oct. 7, 2020). Accordingly, no factual error lies in stating that the DOE found Manivannan "conducted an inappropriate sexual relationship with the intern and then stalked and otherwise physically and psychologically abused her when she tried to end the relationship."

---

[5] Of note, the jury in the Court of Common Pleas of Centre County, Pennsylvania (Criminal Division) did convict Manivannan of related charges, including five counts of unlawful use of a computer and one count of harassment. Commonwealth of Pa. v. Manivannan, 186 A.3d 472, 475-476 (Pa. Super. 2018). As explained in this Court's Opinion, "Manivannan appealed the judgment of sentence and the Pennsylvania Superior Court found that it was 'constrained to agree' that the trial court abused its discretion in permitting lay, rather than expert, testimony to introduce the evidence connecting an internet service provider to an IP address, and then to an approximate 'real world location' that coincided with Manivannan's Morgantown address. The Superior Court concluded that the absence of expert testimony resulted in prejudicial error and so vacated the convictions and remanded the case for a new trial. Id. The criminal record after remand is unavailable to the Court but agency proceedings reveal that 'the prosecutor elected not to go forward with the new trial.' Manivannan v. Dep't of Energy, 2020 WL 1130149." Manivannan v. U.S. Dep't of Energy, No. CV 18-297, 2020 WL 5946876, at *5 (W.D. Pa. Oct. 7, 2020)

## IV. CONCLUSION

For the foregoing reasons, the Motion for Reconsideration of the Court's Opinion and Order dated October 7, 2020, filed on behalf of Plaintiff Ayyakkannu Manivannan, ECF No. 75, is DENIED. An appropriate Order follows.


Dated: January 7, 2021                    BY THE COURT:

                                          /s/ Maureen P. Kelly
                                          MAUREEN P. KELLY
                                          UNITED STATES MAGISTRATE JUDGE



cc:    All counsel of record via CM/ECF